CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 0 6 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT WAYNE RUSSELL, ) <br> Plaintiff, ) <br> ) | Civil Action No. 7:08-cv-00467 |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| OFFICER BRAD BOGGS, ) <br> Defendant. ) | By: Hon. James C. Turk <br> Senior United States District Judge |

Robert Wayne Russell, proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, against defendant Brad Boggs, a police officer of the Wythe County Police Department. Russell alleges that the defendant used excessive force, in violation of the United States Constitution, while arresting Russell. Russell did not attend the scheduled evidentiary hearing, and the court accordingly dismisses the complaint.

I.

Russell filed the complaint in August 2008 while an inmate at the New River Valley Regional Jail. Russell responded to the court's conditional filing order that granted Russell the opportunity to proceed in forma pauperis in accordance with the Prison Litigation Reform Act of 1995; advised him that failure to notify the court of any change in his mailing address would result in dismissal; advised him that he failed to state a claim upon which relief may be granted; and granted him twenty days to amend his complaint. Russell consented to the $350 filing fee and filed an amendment to his complaint, which was subsequently served on the defendant. The service order also authorized deductions from Russell's inmate trust account to pay the $350 filing fee via installments. After receiving the defendant's answer to the complaint, the court referred the case to the Magistrate Judge to conduct any or all necessary proceedings.

On April 8, 2009, the Magistrate Judge scheduled an evidentiary hearing for June 15,

2009, to resolve the defendant's motion for summary judgment. On April 13, 2009, Russell was still in custody, and the court received his request to reschedule the hearing because he knew he would be released from custody on June 15 and could not attend a hearing that day. On April 14, 2009, the court rescheduled the hearing to occur at ten o'clock in the morning on July 1, 2009.[1]

After his release from custody, the court ordered Russell to pay the outstanding balance of the filing fee or otherwise respond to the order within ten business days. The order was returned to the court as undeliverable. Although Russell received the conditional filing order and knew of his impending release from custody, he never updated the court of his mailing address.

Beyond both his failure to update his mailing address and to respond to the order reassessing the filing fee, Russell failed to appear for the ten o'clock evidentiary hearing on July 1, 2009. (See Hrg. Minute Entry (docket #49).) Court staff, the defendant, defendant's counsel, and three defense witnesses were present, however. (Id.) Relying on the court's delivered notice of the hearing and Russell's lack of communication for several months, the Magistrate Judge terminated the proceeding, and the defense returned to Wythe County. Russell did not notify the court of any problem with his appearance until thirty minutes after the hearing's scheduled starting time and after the Magistrate Judge terminated the hearing because of his failure to appear. (See July 1, 2009, docket remark.) Russell called the court, said that "his ride did not show up," and acknowledged receiving both the conditional filing order and the notice of the July 1 hearing. (Id.)

---

[1] On April 14, 2009, the court sent the notice of the July 1 hearing to Russell's jail address. The notice was not returned to the court as undeliverable.

2

II.

Courts have the authority to control litigation before them, including the power to order dismissal of an action for failure to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").[2] The propriety of dismissal under Rule 41 depends on (1) the degree of personal responsibility of the plaintiff; (2) the amount of prejudice caused the defendant; (3) the existence of a history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal. Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982). Dismissal is not a sanction to be invoked lightly. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978).

The court finds that Russell is fully culpable for defying the court orders and failing to timely notify the court that he would not attend the hearing. The conditional filing order explicitly stated, "FAILURE TO NOTIFY THE COURT OF SUCH A CHANGE OF ADDRESS WILL RESULT IN DISMISSAL OF THIS CASE." (Docket #5) (original emphasis). See Tolliver v. Northrop Corp., 786 F.2d 316, 319 (7th Cir. 1986) (noting the importance of a warning prior to dismissal). But see Link, 370 U.S. at 632-33 (holding that a District Court may dismiss a complaint for failure to prosecute without affording notice or providing a hearing).

---

[2]Rule 41(b) provides:
(b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

3

Furthermore, Russell knew of his June 15 release date and the July 1 hearing date and, yet, decided to remain mute as to his address change. Furthermore, Russell did not communicate with the court between April 13, 2009, and thirty minutes after the evidentiary hearing was scheduled. Russell did not attempt to call the court before ten o'clock in the morning to advise that he had difficulty securing transportation but still intended to appear. Moreover, Russell has not yet paid the filing fee or otherwise responded to the court's prior order reassessing the fee. See DeBlasio v. Gilmore, 315 F.3d 396 (4th Cir. 2003) (stating that payment of filing fees after release from custody to be determined by the plaintiff). The defendant, a police officer, and his three witnesses, a police captain and two fellow police officers, spent hours traveling to and from the courthouse to defend a lawsuit in which the plaintiff did not bother to appear nor timely inform the court of his inability to attend. Instead of traveling to and from this hearing for several hours, the officers' time and the public's interest would have been better served performing their sworn duties.

Although pro se litigants are entitled to some deference from courts, they are still "subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (noting that the four Chandler factors are not a rigid test and their application depends on the circumstances of a particular case). The court has already requested payment that is still unpaid, and any monetary sanction would not likely be fulfilled. Furthermore, dismissals dissuade plaintiffs from not giving an untimely notice of a failure to attend. To permit such wanton disregard for the court's orders and the plaintiff's own civil action would create precedent allowing repeated abuses of scant judicial resources. Accordingly, the court dismisses the

4

complaint.

III.

For the foregoing reasons, the court dismisses the complaint without prejudice for failure to prosecute and denies all pending motions as moot.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

ENTER: This __6th__ day of July, 2009.

/s/ James C. Turk
Senior United States District Judge